JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Philadelphia Energy Solutions Refining & Marketing, LLC and PES Liquidating Trust
1735 Market St., Phila. PA 19103

**(b)** County of Residence of First Listed Plaintiff ____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorney's *(Firm Name, Address, and Telephone Number)*

James F. Marrion, Esq./Kevin E. Raphael, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
1818 Market. St., Suite 3402, Phila, PA 19103 215-320-6200

**DEFENDANTS**

The Babcock & Wilcox Co., Babcock & Wilcox Co., Babcock & Wilcox Holdings, LLC, Babcock & Wilcox Enterprises, Inc.
1200 East Market Street, Suite 650, Akron, OH 44305

County of Residence of First Listed Defendant ____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Robert G. Devine, Esquire/ White and Williams LLP
1650 Market St., Suite 1800, One Liberty Place
Phila.,PA 19103 856-317-3647

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Production Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. C. §§ 1441 and 1452

Brief description of cause:
Product liability suit barred by prior bankruptcy discharge of defendants.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **DEMAND $** ____ CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE 3/22/2021 SIGNATURE OF ATTORNEY OF RECORD Robert G. Devine [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| PHILADELPHIA ENERGY SOLUTIONS REFINING & MARKETING, LLC and PES LIQUIDATING TRUST | : | CIVIL ACTION |
| v. | : | |
| THE BABCOCK & WILCOX COMPANY, BABCOCK & WILCOX COMPANY, BABCOCK & WILCOX HOLDINGS, LLC, BABCOCK & WILCOX ENTERPRISES, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| 3/22/2021 | Robert G. Devine | [signature] |
| **Date** | **Attorney-at-law** | **Attorney for Defendants The Babcock & Wilcox Company, et al.** |
| 215-864-7000 | 215-864-7123 | deviner@whiteandwilliams.com |
| **Telephone** | **Fax Number** | **E-mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1735 Market Street, Philadelphia, PA 19103

Address of Defendant: 1200 East Market Street, Suite 650, Akron, OH 44305

Place of Accident, Incident or Transaction: Bankruptcy Discharge Order entered by E.D. La. District Court in E.D. La. Bankruptcy Court matter Loss occurred in Philadelphia

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ______ Must sign here ______ ______

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☒ 11. All other Federal Question Cases *(Please specify):* Bankruptcy discharge of defendants

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Robert G. Devine, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 3/22/2021 [signature] licable 46384

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA ENERGY SOLUTIONS REFINING & MARKETING, LLC,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br><br>and<br><br>PES LIQUIDATING TRUST,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br>Plaintiffs,<br><br>v.<br><br>THE BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX HOLDINGS, LLC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX ENTERPRISES, INC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>Defendants. | **Civil Action No.**<br><br>Removed from Court of Common Pleas of Philadelphia, Civil Division<br><br>Case ID: 210202578 |

**NOTICE OF REMOVAL BY DEFENDANTS THE BABCOCK & WILCOX COMPANY, DESIGNATED CORRECTLY AS THE BABCOCK & WILCOX COMPANY AS WELL AS INCORRECTLY DESIGNATED AS BABCOCK & WILCOX COMPANY, BABCOCK & WILCOX HOLDINGS, LLC AND BABCOCK & WILCOX ENTERPRISES, INC.**

**PLEASE TAKE NOTICE**, that Defendants THE BABCOCK & WILCOX COMPANY, designated correctly as THE BABCOCK & WILCOX COMPANY as well as incorrectly designated as BABCOCK & WILCOX COMPANY, BABCOCK & WILCOX HOLDINGS, LLC and BABCOCK & WILCOX ENTERPRISES, INC. (collectively, "**Babcock & Wilcox**"), by and through their undersigned counsel, White and Williams LLP, hereby remove this action from the Court of Common Pleas, Philadelphia County, Commonwealth of Pennsylvania (the "**Court of Common Pleas**"), to the United States District Court for the Eastern District of Pennsylvania (the "**District Court**"), pursuant to 28 U.S.C. §§ 1441, 1446, and 1452 and Federal Rule of Bankruptcy Procedure 9027(a). In support of this Notice of Removal, Babcock & Wilcox states the following:

1. On February 26, 2021, Plaintiffs Philadelphia Energy Solutions Refining and Marketing LLC and PES Liquidating Trust ("**Plaintiffs**") filed a complaint in the Court of Common Pleas, asserting claims of negligence, strict liability, and breach of implied warranties ("**State Court Action**"). *See* State Court Action Complaint attached hereto as **Exhibit A**.

2. On February 22, 2000, The Babcock & Wilcox Company and certain affiliates ("**Debtors**") filed voluntary petitions under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Bankruptcy Court**"), *In re The Babcock & Wilcox Company, et al.*, Docket No. 00-10992 (the "**Bankruptcy Action**").

3. The discharge injunction in Debtors' *Joint Plan of Reorganization as of September 28, 2005, as Amended Through January 17, 2006* (the "**Plan**") provides in pertinent part:

> Except as otherwise provided in this Plan, the rights afforded in this Plan and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Equity Interests of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtors and the Debtors in Possession, or their assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Equity

> Interests in the Debtors and the Debtors in Possession **(including any based on acts or omissions that constituted or may have constituted ordinary or gross negligence or reckless, willful, or wanton misconduct of any of the Debtors, or any conduct for which any of the Debtors may be deemed to have strict liability under any applicable law)** shall be satisfied, discharged, and released in full. The Reorganized Debtors shall not be responsible for any obligations of the Debtors or the Debtors in Possession except … those expressly assumed by the Reorganized Debtors pursuant to this Plan …. All Entities shall be precluded and forever barred from asserting against the Debtors, the Reorganized Debtors, …, or their assets, properties, or interests in property any other or further Claims or Demands based upon any act or omission, transaction, or other activity, event, or occurrence of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date, except as expressly provided in this Plan.

*See* Plan, attached hereto as **Exhibit B**, at § 11.2 (emphasis in original).[1]

4. Article 9 of the Plan further provides that:

> [T]he [Bankruptcy] Court shall retain and shall have exclusive jurisdiction to the fullest extent provided by applicable law over any matter (a) arising under the Bankruptcy Code, (b) arising in or related to the Chapter 11 Cases or this Plan, or (c) that relates to the following: . . .
>
> 9.5.10 To enter such orders as are necessary to implement and enforce the injunctions described herein….

5. On January 18, 2006, the Bankruptcy Court entered an order confirming the Plan (the "**Confirmation Order**"), which became effective on February 22, 2006. The Confirmation Order provides that:

> Notwithstanding any closing of the Chapter 11 cases, [Debtors] may move … to reopen the Chapter 11 cases for the purpose of seeking relief pursuant to the retained jurisdiction of the Bankruptcy Court provided herein, in the [Plan], or under applicable law.

*See* Confirmation Order, attached hereto as **Exhibit C**, at ¶ 64.

[1] The Plan's exhibits are voluminous and not relevant to this Notice of Removal, and thus have not been attached.

6. On June 20, 2009, the Bankruptcy Court entered a "Final Decree Order," which closed the bankruptcy case "without prejudice to the rights of The Babcock & Wilcox Company to seek to reopen its chapter 11 case for cause[.]" *See* Final Decree Order attached hereto as **Exhibit D**.

7. The Bankruptcy Court further ordered that it would "retain[] jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order."

8. Babcock & Wilcox files this Notice for Removal because the State Court Action directly arises from the Bankruptcy Action insofar as it violates the discharge injunction contained in the confirmed Plan and thus implicates the Bankruptcy Court's retained jurisdiction.

9. Babcock & Wilcox was served with the Complaint on March 2, 2021. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C § 1446(b)(1).

**The Basis for Removal**

10. Babcock & Wilcox seeks removal of the State Court Action pursuant to 28 U.S.C §§ 1441 and 1452.

11. Section 1452 of the United States Code provides, "[a] party may remove any claims or causes of action … to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a); *see also* Fed. R. Bankr. P. 9027 (governing removal in bankruptcy matters).

12. Section 1334 provides, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, the District Court and the Bankruptcy Court have original jurisdiction over the State Court Action.

13. Specifically, the Complaint alleges an explosion occurred on or about June 21, 2019 at an oil refinery complex owned and operated by Plaintiff, Philadelphia Energy Solutions Refining and Marketing LLC, resulting in damage. *See* Compl. at ¶¶ 14-19.

14. The Complaint further alleges the explosion was caused by "a hydrocarbon vapor release" emanating from an elbow joint that was "designed, manufactured, marketed, distributed or sold by [Babcock & Wilcox.]" *See* Compl. at ¶¶ 15, 17, 20-21.

15. Further, the Complaint alleges the elbow joint at issue was purchased during the construction of the refinery where the elbow joint was installed and the subsequent explosion occurred. *See* Compl. at ¶ 16.

16. On information and belief, the construction, and thus, sale of the elbow joint occurred in the 1970s, roughly three decades before the Bankruptcy Action began.

17. When, as here, an action implicates the discharge injunction in a confirmed plan of reorganization, it falls squarely within the confines of the Bankruptcy court's continuing jurisdiction. Indeed, the Third Circuit has held:

> [T]he jurisdiction of the non-Article III bankruptcy courts is limited after confirmation of a plan. But where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan ..., retention of post-confirmation bankruptcy court jurisdiction is normally appropriate.

*Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168-69 (3d Cir. 2004). Other courts have similarly held that a debtor may remove a case, pursuant to 28 U.S.C. § 1452, based on the need to determine whether a particular debt has been discharged. *See, e.g.*, *Rhodes Life Ins. Co. v. Mendy Props., L.C.*, 2009 U.S. Dist. LEXIS 41691, *9-10 (E.D. La. Apr. 30, 2009)(*citing Insurance Co. of N. Am. v. NGC Settlement Trust (In re National Gypsum Co.)*, 118 F.3d 1056, 1063-64 (5th Cir. 1997)).

18. Therefore, this State Court Action arises from the Bankruptcy Action and may be removed to federal court.

**Reservation of Rights**

19. This Notice of Removal is without prejudice to any and all other rights and remedies that Babcock & Wilcox may have with respect to enforcement of the Plan, including the discharge injunction contained therein, all of which rights and remedies are expressly reserved, including without limitation the right to seek to reopen the Bankruptcy Action for the purpose of enforcing the Plan and its discharge injunction and to seek damages for violation of the discharge injunction.

**Conclusion**

20. The State Court Action, which directly arises from the Bankruptcy Action insofar as it violates the discharge injunction contained in the confirmed Plan and thus implicates the Bankruptcy Court's retained jurisdiction, is properly removed to federal court.

21. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will promptly be given to all parties.

**WHEREFORE**, having shown that this case is properly removable, Babcock & Wilcox provides notice pursuant to 28 U.S.C. § 1446 that the Action pending in the Court of Common Pleas, Philadelphia County, Commonwealth of Pennsylvania, Case No. 210202578, is removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY______________________________

Robert G. Devine, Esquire
Victor J. Zarrilli, Esquire
1650 Market Street, Suite 1800
One Liberty Place
Philadelphia, PA 19103-7395
Phone – 215-864-7000
Fax – 215-864-7123
deviner@whiteandwilliams.com
zarrilliv@whiteandwilliams.com

Dated: March 22, 2021

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA ENERGY SOLUTIONS REFINING & MARKETING, LLC,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br><br>and<br><br>PES LIQUIDATING TRUST,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br>Plaintiffs,<br><br>v.<br><br>THE BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX HOLDINGS, LLC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX ENTERPRISES, INC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>Defendants. | **Civil Action No.**<br><br>Removed from Court of Common Pleas of Philadelphia, Civil Division<br><br>Case ID: 210202578 |

**NOTICE TO PLAINTIFF**

TO: James F. Marrion, Esquire
Kevin E. Raphael, Esquire
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103

***PLEASE*** take notice that Defendants, The Babcock & Wilcox Company, Babcock & Wilcox Company, Babcock & Wilcox Holdings, LLC, and Babcock & Wilcox Enterprises, Inc., have filed a Notice in the United States District Court for the Eastern District of Pennsylvania for removal of an action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania captioned Philadelphia Energy Solutions Refining & Marketing, LLC and PES Liquidating Trust v. The Babcock & Wilcox Company, Babcock & Wilcox Company, Babcock & Wilcox Holdings, LLC, and Babcock & Wilcox Enterprises, Inc., Case ID: 210202578.

***FURTHER***, take notice that Defendants, The Babcock & Wilcox Company, Babcock & Wilcox Company, Babcock & Wilcox Holdings, LLC, and Babcock & Wilcox Enterprises, Inc., have at the same time filed a copy of the Complaint, which was filed and entered in the Court of Common Pleas of Philadelphia County. A copy of said Notice of Removal is attached to this Notice and is hereby served upon you.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY ______________________________

Robert G. Devine, Esquire
Victor J. Zarrilli, Esquire
1650 Market Street, Suite 1800
One Liberty Place
Philadelphia, PA 19103-7395
Phone – 215-864-7000
Fax – 215-864-7123
deviner@whiteandwilliams.com
zarrilliv@whiteandwilliams.com

Dated: March 22, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA ENERGY SOLUTIONS REFINING & MARKETING, LLC,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br><br>and<br><br>PES LIQUIDATING TRUST,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br>Plaintiffs,<br><br>v.<br><br>THE BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX HOLDINGS, LLC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX ENTERPRISES, INC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>Defendants. | **Civil Action No.**<br><br>Removed from Court of Common Pleas of Philadelphia, Civil Division<br><br>Case ID: 210202578 |

**PROOF OF FILING**

**TO THE CLERK OF THE COURT:**

I, Robert G. Devine, Esquire, hereby certify that a copy of the foregoing Notice of Removal will be filed with the Prothonotary of the Philadelphia Court of Common Pleas

immediately upon receipt of the ***certified*** copy from the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY ______________________________

Robert G. Devine, Esquire
Victor J. Zarrilli, Esquire
1650 Market Street, Suite 1800
One Liberty Place
Philadelphia, PA 19103-7395
Phone – 215-864-7000
Fax – 215-864-7123
deviner@whiteandwilliams.com
zarrilliv@whiteandwilliams.com

Dated: March 22, 2021

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA ENERGY SOLUTIONS REFINING & MARKETING, LLC,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br><br>and<br><br>PES LIQUIDATING TRUST,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br>Plaintiffs,<br><br>v.<br><br>THE BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX HOLDINGS, LLC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX ENTERPRISES, INC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>Defendants. | **Civil Action No.**<br><br>Removed from Court of Common Pleas of Philadelphia, Civil Division<br><br>Case ID: 210202578 |

**CERTIFICATE OF SERVICE**

I, Robert G. Devine, Esquire, hereby certify that on March 22, 2021, I caused a true and correct copy of the foregoing ***NOTICE OF REMOVAL; DISCLOSURE STATEMENT; CIVIL COVER SHEET; U.S. DISTRICT COURT DESIGNATION FORM; CASE MANAGEMENT***

***TRACK DESIGNATION FORM; NOTICE TO PLAINTIFF; and PROOF OF MAILING*** to be served upon the following persons by electronic mail:

James F. Marrion, Esquire
Kevin E. Raphael, Esquire
PIERTRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY______________________

Robert G. Devine, Esquire
Victor J. Zarrilli, Esquire
1650 Market Street, Suite 1800
One Liberty Place
Philadelphia, PA 19103-7395
Phone – 215-864-7000
Fax – 215-864-7123
deviner@whiteandwilliams.com
zarrilliv@whiteandwilliams.com

Dated: March 22, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA ENERGY SOLUTIONS REFINING & MARKETING, LLC,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br><br>and<br><br>PES LIQUIDATING TRUST,<br>1735 MARKET STREET<br>PHILADELPHIA, PA 19103<br>Plaintiffs,<br><br>v.<br><br>THE BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX COMPANY<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX HOLDINGS, LLC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>BABCOCK & WILCOX ENTERPRISES, INC.<br>1200 EAST MARKET STREET, SUITE 650,<br>AKRON, OH 44305<br><br>Defendants. | **Civil Action No.**<br><br>Removed from Court of Common Pleas of Philadelphia, Civil Division<br><br>Case ID: 210202578 |

**PROOF OF FILING NOTICE OF REMOVAL WITH**
**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

***TO THE PROTHONOTARY:***

Pursuant to the Pennsylvania Rules of Civil Procedure and the Federal Rules of Civil Procedure, enclosed please find for filing a ***certified*** copy of Defendants' Notice of Removal of

this matter to the United States District Court for the Eastern District of Pennsylvania, the original of which was filed on March 22, 2021.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY________________________________

Robert G. Devine, Esquire
Victor J. Zarrilli, Esquire
1650 Market Street, Suite 1800
One Liberty Place
Philadelphia, PA 19103-7395
Phone – 215-864-7000
Fax – 215-864-7123
deviner@whiteandwilliams.com
zarrilliv@whiteandwilliams.com

Dated: March 22, 2021